UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. _____ |
| | ) |
| RONALD D. SCHLEGEL, LESLEY S. SCHLEGEL, WELLS FARGO BANK NA, and the STATE OF MINNESOTA, | ) ) ) |
| | ) |
|     Defendants. | ) |

## COMPLAINT

Plaintiff, the United States, through its undersigned counsel, sets forth its complaint against the defendants as follows:

1. This is a civil action brought by the United States to: (a) reduce to judgment certain unpaid federal tax assessments made against Ronald D. Schlegel; and (b) foreclose federal tax liens encumbering certain real property located in Washington County, Minnesota, and to have the proceeds from the foreclosure sale distributed to the parties in amounts determined by the Court.

**Authorization**

2. This complaint has been authorized and requested by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and is commenced at the direction of a delegate of the Attorney General of the United States pursuant to 26 U.S.C. § 7401.

**Jurisdiction & Venue**

3. This Court has jurisdiction over this action based on 28 U.S.C. §§ 1331, 1340, 1345 and 26 U.S.C. §§ 7402(a) and 7403.

4.     Venue in this district is based on 28 U.S.C. § 1391(b) because Ronald D. Schlegel resides in this judicial district, a substantial part of the events giving rise to this suit took place in this judicial district, and the real property that is a subject of this action is located in this judicial district.  In the alternative, venue in this judicial district is based on 28 U.S.C. § 1396 because the liability for the taxes at issue accrued in this judicial district.

## The Parties

5.     The plaintiff is the United States of America.

6.     Ronald D. Schlegel resides in Woodbury, Minnesota, within this judicial district, and is the taxpayer against whom the federal tax assessments at issue were made.

7.     Lesley S. Schlegel is named as a defendant, pursuant to 26 U.S.C. § 7403(b), because she may claim an interest in the real property at issue in Count IV of this complaint.

8.     Wells Fargo Bank NA is named as a defendant, pursuant to 26 U.S.C. § 7403(b), because it may claim an interest in the real property at issue in Count IV of this complaint.

9.     The State of Minnesota is named as a defendant, pursuant to 26 U.S.C. § 7403(b), because it may claim an interest in the real property at issue in Count IV of this complaint.

## COUNT I - REDUCE TAX ASSESSMENTS TO JUDGMENT

10.    The United States incorporates by reference the allegations in paragraphs 1 through 6.

11.    During the tax periods ending June 30, 2000 and September 30, 2000, federal employment taxes ("trust fund taxes") were required to be withheld from the wages of the employees of Computer Controls Technology, but were not paid over to the United States.

12.    Ronald D. Schlegel was a responsible person required to collect, truthfully account for, or pay over to the United States trust fund taxes withheld from the wages paid to employees of

Computer Controls Technology for the tax periods ending June 30, 2000 and September 30, 2000.

13.     Ronald D. Schlegel was the president of Computer Controls Technology.

14.     Ronald D. Schlegel personally guaranteed a $100,000 loan to Computer Controls Technology.

15.     Ronald D. Schlegel willfully failed to truthfully account for, collect, or pay over to the United States the trust fund taxes described in paragraphs 11 and 12 above.

16.     A delegate of the Secretary of the Treasury timely assessed trust fund taxes against Ronald D. Schlegel, pursuant to 26 U.S.C. § 6672, as follows:

| Company | Tax Periods | Assessment Date | Amount of Assessment | Balance Due[1] |
|---|---|---|---|---|
| **Computer Controls Technology** | 06/30/2000 09/30/2000 | 04/30/2001 | $110,864.02 | $210,474.27 |

17.     The United States gave Ronald D. Schlegel notice of the assessment, and made demand for payment of the trust fund taxes on the date of the assessment.  Despite the notice and demand for payment, Ronald D. Schlegel has failed or refused to pay the outstanding trust fund taxes.

18.     As a result, Ronald D. Schlegel is indebted to the United States for unpaid trust fund taxes in the amount of $210,474.27 as of July 31, 2013, plus interest and other statutory additions to tax that have accrued and will continue to accrue as provided by law.

        WHEREFORE, the United States of America seeks judgment on Count I of its complaint as follows:

---

[1]     The total due reflects accrued interest, adjustments, payments, and credits as of July 31, 2013.  Statutory additions continue to accrue on the assessed liabilities.

  (a)  Judgment in favor of the United States of America and against Ronald D. Schlegel in the amount of $210,474.27 as of July 31, 2013, plus statutory additions and interest accruing after July 31, 2013, until paid;

  (b)  That the Court award the United States its costs incurred herein;

  (c)  That the Court award the United States such other relief as it deems just and equitable.

## COUNT II - REDUCE TAX ASSESSMENTS TO JUDGMENT

19. The United States incorporates by reference the allegations in paragraphs 1 through 6.

20. During the tax periods ending March 31, 2000, June 30, 2000, and September 30, 2000, trust fund taxes were required to be withheld from the wages of the employees of Schoolbell.com Inc., but were not paid over to the United States.

21. Ronald D. Schlegel was a responsible person required to collect, truthfully account for, or pay over to the United States trust fund taxes withheld from the wages paid to employees of Schoolbell.com Inc. for the tax periods ending March 31, 2000, June 30, 2000, and September 30, 2000.

22. Ronald D. Schlegel was the chief operating officer of Schoolbell.com Inc. and made decisions regarding the corporation's financial affairs.

23. Ronald D. Schlegel signed Schoolbell.com Inc.'s federal Form 941 employment tax returns for each of the tax periods at issue as set forth in paragraph 21 above.

24. Ronald D. Schlegel had the authority to hire and fire employees of Schoolbell.com Inc.

25. Ronald D. Schlegel knew that Schoolbell.com Inc. owed the United States the trust fund taxes for each of the tax periods at issue.

26. Ronald D. Schlegel willfully failed to truthfully account for, collect, or pay over to the United States the trust fund taxes described in paragraphs 20 and 21 above.

27. A delegate of the Secretary of the Treasury timely assessed trust fund taxes against Ronald D. Schlegel pursuant to 26 U.S.C. § 6672 as follows:

| Company | Tax Periods | Assessment Date | Amount of Assessment | Balance Due[2] |
|---|---|---|---|---|
| **Schoolbell.com Inc.** | 03/31/2000 06/30/2000 09/30/2000 | 07/09/2001 | $43,593.88 | $81,100.92 |

28. The United States gave Ronald D. Schlegel notice of the assessment, and made demands for payment of the trust fund taxes on the dates of the assessments. Despite the notice and demand for payment, Ronald D. Schlegel has failed or refused to pay the outstanding trust fund taxes.

29. As a result, Ronald D. Schlegel is indebted to the United States for unpaid trust fund taxes in the amount of $81,100.92 as of July 31, 2013, plus interest and other statutory additions to tax that have accrued and will continue to accrue as provided by law.

WHEREFORE, the United States of America seeks judgment on Count II of its complaint as follows:

(a) Judgment in favor of the United States of America and against Ronald D. Schlegel in the amount of $81,100.92 as of July 31, 2013, plus statutory additions and interest accruing after July 31, 2013, until paid;

(b) That the Court award the United States its costs incurred herein;

(c) That the Court award the United States such other relief as it deems just and equitable.

---

[2] The total due reflects accrued interest, adjustments, payments, and credits as of July 31, 2013. Statutory additions continue to accrue on the assessed liabilities.

## COUNT III - REDUCE TAX ASSESSMENTS TO JUDGMENT

30. The United States incorporates by reference the allegations in paragraphs 1 through 6.

31. During the tax periods ending December 31, 2000 and March 31, 2001, trust fund taxes were required to be withheld from the wages of the employees of Web2B Consulting, Inc., but were not paid over to the United States.

32. Ronald D. Schlegel was a responsible person required to collect, truthfully account for, or pay over to the United States trust fund taxes withheld from the wages paid to employees of Web2B Consulting, Inc. for the tax periods ending December 31, 2000 and March 31, 2001.

33. Ronald D. Schlegel was the sole corporate officer of Web2B Consulting, Inc. and made financial decisions for the corporation.

34. Ronald D. Schlegel willfully failed to truthfully account for, collect, or pay over to the United States the trust fund taxes described in paragraphs 31 and 32 above.

35. A delegate of the Secretary of the Treasury timely assessed trust fund taxes against Ronald D. Schlegel pursuant to 26 U.S.C. § 6672 as follows:

| Company | Tax Period | Assessment Date | Amount of Assessment | Balance Due[3] |
|---|---|---|---|---|
| **Web2B Consulting, Inc.** | 12/31/2000 | 03/10/2003 | $18,837.29 | $32,071.36 |
| **Web2B Consulting, Inc.** | 03/31/2001 | 03/10/2003 | $8,876.23 | $14,974.30 |
| | | | TOTAL: | $47,045.66 |

36. The United States gave Ronald D. Schlegel notice of the assessment, and made demands for payment of the trust fund taxes on the dates of the assessments. Despite the notice and demand for payment, Ronald D. Schlegel has failed or refused to pay the outstanding trust fund taxes.

---

[3] The total due reflects accrued interest, adjustments, payments, and credits as of July 31, 2013. Statutory additions continue to accrue on the assessed liabilities.

37. As a result, Ronald D. Schlegel is indebted to the United States for unpaid trust fund taxes in the amount of $47,045.66 as of July 31, 2013, plus interest and other statutory additions to tax that have accrued and will continue to accrue as provided by law.

WHEREFORE, the United States of America seeks judgment on Count III of its complaint as follows:

(a) Judgment in favor of the United States of America and against Ronald D. Schlegel in the amount of $47,045.66 as of July 31, 2013, plus statutory additions and interest accruing after July 31, 2013, until paid;

(b) That the Court award the United States its costs incurred herein;

(c) That the Court award the United States such other relief as it deems just and equitable.

## COUNT IV - FORECLOSE FEDERAL TAX LIENS

38. The United States incorporates by reference the allegations in paragraphs 1 through 9, 16 through 18, 27 through 29, and 35 through 37.

39. The real property on which the United States seeks to foreclose its federal tax liens is located at 9120 Heritage Way, Woodbury, Minnesota ("Subject Property"), and described as follows:

> Lot 2, Block 2, Wedgewood Heights Sixth Addition, according to the recorded plat thereof, and situate in Washington County, Minnesota.

40. Through a warranty deed recorded on February 26, 1997, the Subject Property was conveyed from McDonald Homes, Inc. to Ronald D. Schlegel and Lesley S. Schlegel, husband and wife, as joint tenants.

41. On May 21, 1998, Ronald D. Schlegel and Lesley S. Schlegel executed a mortgage on the Subject Property in favor of Southview Bank, which was recorded on June 17, 1998.

42. On May 21, 1998, the mortgage described in paragraph 41 was assigned to Norwest Mortgage, Inc., and that assignment was recorded on July 30, 1998.

43. On or about November 2, 1998, the entity known as Norwest Mortgage, Inc., merged with Wells Fargo Bank, NA.

44. On the dates of the assessments detailed in paragraphs 16, 27, and 35 above, federal tax liens arose, pursuant to 26 U.S.C. §§ 6321 and 6322, and attached to all property and rights to property belonging to (or thereafter acquired by) Ronald D. Schlegel, including the Subject Property.

45. Notices of the federal tax liens described in paragraph 44, above, were filed with the Washington County, Minnesota Recorder's office for the tax years and on the dates as follows:

| Tax Period | Type of Tax | Date of Filing |
|---|---|---|
| 09/30/2000 | Civil Penalty | 10/30/2001, re-filed 03/18/2011 |
| 09/30/2000 | Civil Penalty | 02/25/2013 |
| 12/31/2000 | Civil Penalty | 12/10/2010, re-filed 02/20/2013 |
| 03/31/2001 | Civil Penalty | 12/10/2010, re-filed 02/20/2013 |

46. On January 22, 2003, the State of Minnesota filed a notice of state tax lien against Ronald D. Schlegel with the Washington County, Minnesota Recorder's office, for certain Minnesota state tax liabilities owed by Ronald D. Schlegel, and that state tax lien was recorded on January 24, 2003.

47. Aside from the federal, state, and mortgage liens described above, there are no other liens or mortgages encumbering the Subject Property.

48. By reason of the foregoing, the federal tax liens attached to and should be foreclosed against the Subject Property, and the Subject Property should be sold.

WHEREFORE, the United States of America seeks judgment on Count IV of its complaint as follows:

(a) That the Court enter a declaratory judgment that the United States' federal tax liens, described above, are valid and subsisting liens, and attach to all property and rights to property of Ronald D. Schlegel, including the Subject Property described above;

(b) That the Court order that the federal tax liens described above be foreclosed on the Subject Property;

(c) That the Court order that the Subject Property be sold publicly or privately, according to law, free and clear of any right, title, lien, claim or interest of all parties, and that the proceeds of the sale be distributed as follows:

> i.) all administrative costs for the sale to the United States; and
>
> ii.) the balance of the sale proceeds to the parties holding liens in the amount and in the priority that the Court determines;

(d) That the Court order that any defendant claiming an interest in the sale proceeds superior to the federal tax liens affirmatively demonstrate that interest;

(e) That the Court award the United States its costs incurred herein;

(f) That the Court award the United States such other relief as it deems just and equitable.

| | |
|---|---|
| Dated:   August 19, 2013 | Respectfully submitted, |
| | /s/ *Richard G. Rose* |
| | RICHARD G. ROSE |
| | D.C. Bar No. 493454 |
| | Trial Attorney |
| | U.S. Department of Justice |
| | Tax Division |
| | P.O. Box 7238 |
| | Ben Franklin Station |
| | Washington, D.C.  20044 |
| | T:  (202) 616-2032 |
| | F:  (202) 514-6770 |
| | E:  richard.g.rose@usdoj.gov |
| | |
| | Attorney for the United States of America |